UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BONITA PERRY | CIVIL ACTION |
| VERSUS | NO. 17-6834 |
| DEPARTMENT OF VETERAN AFFAIRS | SECTION "R" (5) |

## ORDER AND REASONS

Defendant U.S. Department of Veterans Affairs moves to dismiss plaintiff Bonita Perry's Americans with Disabilities Act claim, and partially dismiss, or in the alternative sever and transfer, her Rehabilitation Act claim.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff is an employee of the U.S. Department of Veterans Affairs (VA).[2] In November 2013, she was allegedly transferred to a VA facility in Fort Polk, Louisiana.[3] Plaintiff alleges that she sought accommodations for physical disabilities in spring 2014, and sought a transfer to a VA facility in

---

[1] R. Doc. 16.
[2] R. Doc. 1 at 2 ¶ 6.
[3] *Id.*

Mobile, Alabama because of mental disabilities.[4] The VA allegedly failed to reasonably accommodate her physical disabilities, and denied her transfer request in retaliation for seeking accommodations.[5] Plaintiff further alleges that she applied to several positions at VA offices in Alabama and Florida, but that she was not hired, both because of her disabilities and in retaliation for seeking accommodations.[6]

Plaintiff sued the VA in this Court on July 17, 2017, asserting claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act.[7] The VA now moves to dismiss part of plaintiff's Rehabilitation Act claim for improper venue.[8] In the alternative, the VA moves to sever part of the Rehabilitation Act claim and transfer it to an appropriate district. The VA also moves to dismiss plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(6).

---

[4] *Id.* at 2 ¶ 7, 3 ¶ 8. The complaint does not specify the physical or mental disabilities for which plaintiff sought accommodations.
[5] *Id.*
[6] *Id.* at 3 ¶ 10; R. Doc. 16-3.
[7] R. Doc. 1 at 3-4.
[8] R. Doc. 16.

## II. DISCUSSION

The VA first moves to dismiss plaintiff's Rehabilitation Act claim to the extent it is based on unlawful employment practices that occurred outside Louisiana.[9] Specifically, the VA argues that venue is not proper with respect to plaintiff's claim against the VA for its failure to transfer her to the Mobile office and its failure to hire her for positions in Alabama and Florida. According to the VA, these employment decisions were made by the Montgomery, Alabama Regional Office.[10] As an alternative to dismissing plaintiff's Rehabilitation Act claim based on decisions made by the Montgomery Regional Office, the VA moves to sever this claim and transfer it to an appropriate district.[11]

Venue must be proper for each cause of action in a complaint. *See Tucker v. U.S. Dep't of Army*, 42 F.3d 641 (5th Cir. 1994) (per curiam). Rehabilitation Act claims, like ADA claims, are subject to specific venue rules. *See* 29 U.S.C. § 794(d) ("The standards used to determine whether [the Rehabilitation Act] has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under [the ADA] . . . ."); *id.* § 794a(a)(1) (providing that 42 U.S.C.

---

[9] R. Doc. 16-1 at 4.
[10] *Id.* at 5-6; R. Doc. 16-3 at 2.
[11] R. Doc. 16-1 at 8.

§ 2000e-5(f) applies to Rehabilitation Act claims). Such claims must be brought in one of three venues: (1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3).

To the extent plaintiff challenges the VA's failure to reasonably accommodate her disabilities at the Fort Polk facility, or otherwise challenges disability discrimination that occurred in Louisiana, venue is clearly proper in this Court. But venue is not proper as to the Montgomery Regional Office's alleged failure to hire or transfer plaintiff. Plaintiff concedes that these decisions were made by the Montgomery Regional Office in Alabama.[12] Records relating to these decisions are maintained in Montgomery.[13] And plaintiff would have worked in Mobile, Montgomery, or Pensacola, Florida but for these allegedly unlawful employment practices.[14] Indeed, plaintiff even filed two separate administrative actions: one

---

[12] R. Doc. 21-1 at 2.
[13] R. Doc. 16-3 at 2.
[14] *Id.* at 1-2.

4

challenging conduct by the New Orleans Regional Office, and the other challenging conduct by the Montgomery Regional Office.[15]

Because venue is not proper as to some, but not all, of plaintiff's claims, the Court must determine whether to dismiss the claim for which venue is improper or sever and transfer it to an appropriate district. Federal Rule of Civil Procedure 12(b)(3) permits a court to dismiss a claim for improper venue. Under Rule 21, a "court may also sever any claim against a party." Fed. R. Civ. P. 21; *see also Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995) ("Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice."); *United States v. O'Neil*, 709 F.2d 361, 369 (5th Cir. 1983) (rejecting the contention that "Rule 21 may be used only to cure misjoinder of parties"). Once a claim is severed, it becomes an independent action. *O'Neil*, 709 F.2d at 368. The court may transfer that severed action "to any district or division in which it could have been brought," if such transfer is "in the interest of justice." 28 U.S.C. § 1406; *see also FDIC v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996) (approving of severance and transfer of certain claims); *Toro Co. v. Alsop*, 565 F.2d 998, 1000 (8th Cir. 1977) (same); *Prescott-Harris v. Fanning*, No. 15-1716, 2016 WL 7223276, at *7 (D.D.C.

---

[15] *See* R. Doc. 16-2 at 4, 20.

Dec. 12, 2016) (severing and transferring Rehabilitation Act claim for which venue was not proper).

The Court finds that it is in the interest of justice to sever and transfer plaintiff's Rehabilitation Act claim to the extent it is based on decisions made by the Montgomery Regional Office. An employment discrimination suit in federal court must be filed within 90 days of the final agency action. 42 U.S.C. § 2000e-16(c). The VA issued its final agency decision on plaintiff's complaint against the Montgomery Regional Office on April 18, 2017.[16] Thus, if the Court dismissed plaintiff's Rehabilitation Act claim in part, plaintiff could not timely refile it in federal court. Severance and transfer would avert this prejudice to plaintiff. *See Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (noting that transfer is in the interest of justice "to avoid any potential statute of limitations issues"). Accordingly, the Court will sever and transfer this claim to the District Court for the Middle District of Alabama, where the VA made its hiring and transfer decisions and where records relating to these decisions are maintained.

The VA also moves to dismiss plaintiff's ADA claim because federal employees are not covered by the ADA.[17] *See* 42 U.S.C. § 12111(5)(B). The

---

[16] R. Doc. 1 at 1-2 ¶ 2.
[17] R. Doc. 16-1 at 10.

Rehabilitation Act is the sole avenue of recovery for federal employees who complain of disability discrimination. *Cavada v. McHugh*, 589 F. App'x 717, 718 (5th Cir. 2014). Plaintiff does not oppose dismissal of this claim, and the Court will dismiss it.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's partial motion to dismiss. Plaintiff's ADA claim is DISMISSED WITH PREJUDICE. Plaintiff's Rehabilitation Act claim based on decisions made by the Montgomery Regional Office is SEVERED and TRANSFERRED to the District Court for the Middle District of Alabama.

New Orleans, Louisiana, this __26th__ day of December, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE